# The State *v.* Roberts.

126   87
e134  207
e134  208
f134  209

*Habeas Corpus Proceedings.*

1. *Judgment in criminal case; trial and its incidents; appeals.*—An appeal in a criminal case was dismissed on the ground that the record did not affirmatively show that the person trying the case, who was other than the regular judge of the court wherein it was tried, had been agreed upon by the State and the defendant, or had been appointed by the clerk of the court to act as special judge upon the trial. Upon the rendition of the judgment of dismissal by the appellate court the defendant was delivered to the officers of the penitentiary and was confined under the judgment of conviction and sentence in said cause. The defendant then applied for a writ of *habeas corpus,* and upon the return thereof and the hearing by the judge it was held, following the decision dismissing the appeal, that the judgment of conviction was void and the petitioner was discharged from imprisonment in the penitentiary and remanded to the custody of the jailor of the county where the trial was had. Meantime the appellate court had reconsidered its action in dismissing the appeal, and vacated and annulled said judgment and reinstated the appeal. *Held*: That in such status of the case, the order of remandment to the county jail to await the result of appeal is the proper order.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The facts of the case are sufficiently stated in the opinion.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ex parte Knight,* 61 Ala. 382; *Tayloe v. State,* 112 Ala. 69; *Coyle v. Commonwealth,* 104 Pa. St. 117; *Crey-*

*ton v. Piper,* 14 Ind. 182; *Smurr v. State,* 105 Ind. 123;. *Ex parte Strang,* 21 Ohio St. 601; *In re Lee,* 5 Fed. Rep. 912; *Sheehan v. State,* 122 Mass. 445; *In re Delago,* 140 U. S. 586; *Ex parte Simmons,* 62 Ala. 416; *Ex parte Brown,* 63 Ala. 187; *Ex parte State,* 71 Ala. 371.

FRANCIS M. PURIFOY, *contra.*—The judgment of conviction is void and of no effect, and Roberts was properly remanded.—Constitution, Art. VI., § 18; *Horton v. Poole,* 40 Ala. 629.

McCLELLAN, C. J.—Appellee, John Roberts, was convicted on an indictment charging the offense of robbery in the Tuscaloosa county court, and sentenced to imprisonment in the penitentiary. He appealed to this court, and on May 11, 1900, his appeal was dismissed on the ground that the record certified to us showed that A. S. VandeGraaff, a person other than the regular judge of the county court, presided at the trial as special judge, and did not show affirmatively that said VandeGraaff had been agreed upon by the solicitor and the defendant, or had been appointed by the clerk of said court to act as special judge on the trial; the theory being that the judgment in the absence of such showing was void and would not support an appeal. Upon the rendition of the judgment of dismissal by this court, the defendant was delivered to the officers of the penitentiary and there confined under said judgment and sentence. He then applied for and obtained a writ of *habeas corpus* returnable before the judge of the city court of Montgomery; and upon the return thereof and the hearing said judge, following this court, held that the judgment of conviction was void, discharged the petitioner from imprisonment thereunder and remanded him to the custody of the jailer of Tuscaloosa county for trial on said indictment. From that order the State prosecutes this appeal, and for the appellant it is insisted that the judgment convicting the defendant was not void, but that, his appeal to this court having been dismissed, and the *supersedeas* of the sentence operated thereby having been ended by the dismissal,.

[The State v. Roberts.]

the defendant was properly confined in the penitentiary under said judgment. Meantime this court has reconsidered its action in dismissing the appeal, has vacated and annulled that judgment and reinstated the appeal, being now of opinion that the judgment of the county court appealed from is not void.—*Roberts v. State, ante,* p. 74. The effect of this last order and judgment of this court is to suspend the judgment and sentence of the Tuscaloosa county court and to leave the defendant properly in the custody of the jailer of Tuscaloosa county pending the appeal. As he has been remanded to that custody by the order of the judge of the city court, and as under the present status of the main case in this court he cannot be confined in the penitentiary whence he was taken by the writ of *habeas corpus,* and as the order made by the city court as to the place of his confinement was the proper order in view of the present pendency of the appeal, no practical result could be attained by passing upon the merits of the present appeal from that order. A modification of the order of remandment is, however, proper if not necessary. By the order the petitioner was remanded "for trial on the indictment now pending against him in the Tuscaloosa county court." The judgment against him having upon a reconsideration by us been held not to be void, and the appeal having been reinstated in this court, there is no indictment now pending below against him, and he is not to be held to answer an indictment, but is to be held answerable to the result of his appeal. The order will be modified, therefore, so as to remand him to the custody of the jailer of Tuscaloosa county until he is discharged or transferred therefrom by due course of law. And with this modification the order of the judge of the city court will be affirmed.