# Ossie *v.* The State.

## *Habeas Corpus.*

(Decided June 6th, 1906.  41 So. Rep. 945.)

1. *Convicts; Contracts of Hire; Powers to Annul.*—If the convicts are cruelly treated, or if the bond of the hirer is insufficient or deemed so, however the information is obtained, the Judge of Probate may, under Section 4526, Code of 1896, of his own motion, annul contracts for the hire of county convicts, whether hired inside or out of the county.

2. *Same; Annulling Contract for Insufficiency of Bond.*—The present state of insecurity for the future, will justify the annullment of the contract of hire on account of the insufficiency of the hirer's bond, and the annulment is not confined to the fact of a change in the sufficiency of the bond from what it was when originally made.

3. *Habeas Corpus; Scope of Inquiry.*—The inquiry in habeas corpus proceedings is as to the unlawfulness of the detention—the status of the petitioner at the time of the trial—so that changes in the condition of detention between the time the writ was allowed and the time the trial was had formed part of the inquiry, and are to be considered in the decision.

   4. *Same; Relief.*—The contract having been annulled before the term of petitioner's sentence had expired, the order in habeas corpus should not be an absolute discharge; the order should be a discharge from the custody of the hirer and a remandment to the custody of the jailer until further disposition can be made.

APPEAL from Jefferson Criminal Court.

Heard before HON. S. L. WEAVER.

Habeas corpus proceedings by Charles Ossie.  From an order denying discharge, petitioner appeals.

GEORGE J. SULLIVAN and CHARLES L. BROMBERG, for appellant.—Habeas corpus is the remedy to procure the discharge of a citizen illegally restrained.—§§ 4812, 4834, 4838 and 4839, code, 1896; *Ex parte McKivitt*, 55 Ala. 238; *Simmons v. Ga. I. & C. Co.*, 61 L. R. A. 739.

The action of the board of revenue and road commissioners of Mobile county in awarding the contract under which appellant was held, was null and void.—*Wightman v. Karsner,* 20 Ala. 446; *Cullom v. Casey,* 1 Ala. 351; *Davis v. State,* 46 Ala. 80; *Carlic v. Dunn,* 42 Ala. 404; *Ex parte Branch Bank,* 63 Ala. 383; *Jackson v. State,* 102 Ala. 76; *Birmingham B. & L. Asso. v. State,* 120 Ala. 408; *Boynton v. Wilson,* 46 Ala. 501.

The corporation must show a legal contract with Mobile county for the hire of its convicts, and the records of the commissioners' court must show jurisdiction affirmatively.—§§ 4435, 4521, code 1896; *Ex parte Shortridge,* 115 Ala. 126; *Commissioner's Court v. Hearne,* 59 Ala. 471; *Cramblee v. Cole,* 128 Ala. 649. It, therefore, became necessary to show that the contract was made at a term authorized by law.—Authorities supra. Under the authority given Holcombe as shown by the record, he could not execute this contract.—§ 4535, code 1896; *Ex parte Shortridge, supra; Ex parte Haralson,* 123 Ala. 89. The bond which the corporation failed to give was for the purpose of protecting the convict against inhuman treatment.—*Jefferson Co. v. Truss,* 85 Ala. 486; *Arrington v. Morgan,* 75 Ala. 606. The judge of probate may, if the bond is insufficient, or if any convict is treated cruelly, or inhumanely, terminate the contract.— *Jeff. Co. v. Truss, supra.*—§ 4525, code 1896.

The judge properly overruled the motion to quash the petition.—§§ 4827, 4828, 4829, 4832, code, 1896;*Ex parte Jones,* 94 Ala. 33; *Ex parte Charleston,* 107, Ala. 488; *Crooms v. Shad,* 40 So. Rep. 497. The court erred in quashing the answer filed by appellant to the return of the corporation.—§ 4832; *Croom v. Shad, supra; Simmons v. Ga. C. & I. Co.*

The minutes of the board of revenue are the sole expositor of its action, and the court erred in admitting Perkin's testimony.—*Crenshaw Co. v. Sykes,* 113 Ala. 626.

MASSEY WILSON, Attorney General, and TILLMAN GRUBB, BRADLEY & MORROW, for State.—The act of hir-

ing county convicts is purely administrative, and since Sec. 4594 has been repealed, what was said in the causes of *Ex parte White,* 81 Ala. 80, and *Ex parte Shortridge,* 115 Ala. 126, is not applicable.—*Haralson v. State,* 123 Ala. 89. The directions of the statute as to the times of the meeting of the board of revenue are directory merely, and whether held on that day or not, is immaterial.— *State Auditor v. Jackson Co.,* 65 Ala. 142; *Perry Co. v. Railroad Co.,* 65 Ala. 391. The county may waive the execution of a bond without in any way affecting the interest of the convicts.—*Ex parte White, supra; Ex parte Haralson, supra.* The contract can only be annulled by a certain person and upon certain contingencies, and the governor alone has authority to annul it.—26 A. & E. Ency. of Law, pp. 604-5, 640-645-671; *Jeff. Co. v. Truss,* 85 Ala. 486. The convict is not entitled to relief by reason of the certificate of the probate judge in respect to the insufficiency of the bond.—*Jeff. Co. v. Truss, supra.*

TYSON, J.—The appellant sued out a writ of habeas corpus before Hon. Samuel L. Weaver, associate judge of the criminal court of Jefferson county, complaining that he was unlawfully imprisoned or restrained of his liberty by the Sloss-Sheffield Steel & Iron Company, hereafter called the "Sloss Company." On the hearing he was remanded to the custody of the Sloss Company, from which order this appeal is prosecuted.

The case made is that appellant was convicted and sentenced in Mobile county to hard labor, and under a contract with the authorities was hired and delivered to the Sloss Company, and was in its custody under said contract working out his unexpired sentence when the writ was sued out. Pretermitting all consideration of the insistence that the contract was not made by the board of revenue and road commissioners because not fully and completely shown by the minutes of the board, and that the bond never went into effect because not actually approved by the judge of probate, we will consider only the construction of the statute (section 4525 of the code of

[Ossie v. The State.]

1896) in respect to the annullment of the contract of
hiring, as in our opinion it is decisive of the cause. Af-
ter the delivery of the petitioner to the contractor, the
judge of probate of Mobile county annulled the contract
on two distinct grounds: One, that the bond "is insuf-
ficient"; the other, that the convicts had been treated in-
humanly; and also by general order not specifying any
cause. One of the orders, however, was made after the
writ was sued out, but before the trial—one on May 14th,
the day of the date of the writ; the third on the 30th of
April. After such annullment the board of revenue and
road commissioners of Mobile county hired the convicts,
including petitioner, to a third party. The trial judge,
on the objection of the state and of the Sloss Company,
excluded all evidence of the annullment of the contract
by the judge of probate. This ruling of the court is
sought to be justified on several grounds: First, that the
orders were in two instances made by the judge after the
institution of this proceeding; second, that the annull-
ment on the ground of the insufficiency of the bond does
not show that it proceeded on the bond having become
insufficient since it was given, but on the ground that
it was then insufficient; and, third, that the judge was
without authority to annul contracts as to convicts
worked out of the county on the ground of ill treatment
except on the order of the governor, and that no such
requisition was here shown.

We shall consider the last point first. There can be no
doubt of the general aversion of courts to summary pro-
ceedings, and especially where they are entirely ex parte.
But necessity on principles of public policy may reason-
ably call for the application of such remedies, and, where
they relate entirely to executory contracts, the dangers
of application to property rights is minimized. When a
continuous contract is entered into there can be no in-
justice in either or both parties reserving an unqualified
right to put an end to the contract in the future at pleas-
ure. So here, the welfare of the convicts subjected to
penal servitude, of whom the state is guardian as it were,
could well dictate the policy of reserving the right to

terminate the contract for the employment of state criminals. Such matters, like many others, cannot await the tedious termination of ordinary adversary legal proceedings. The question then is: First, whether this right was reserved in this instance to be exercised by the judge of probate; and, second, whether it has been duly exercised?

As to convicts not sentenced to hard labor for the county, contracts for their hire may be terminated summarily and wholly ex parte, under section 4475 and section 4509 of the code of 1896, by the president of the board of inspectors, for cause, on the approval of the governor or by the governor "without assigning any reason therefor." As to convicts sentenced to hard labor for the county, the system is somewhat different from that applicable to convicts in the penitentiary. As to the latter the county authorities have no authority or responsibility, but as to the former there is a dual case.—*Jefferson County v. Truss*, 85 Ala. 486, 5 South. 86. Section 4523 of the code of 1896 prescribes that the inspectors of state convicts shall visit county convicts whenever they shall deem it necessary, and shall rigidly scrutinize and inquire into their treatment and management, and report to the judge of probate, in writing, as to their condition and treatment. Then follows the provision that the contract of hiring by the county authorities must contain a provision "that the contract shall end if the bond, in the opinion of the judge of probate, becomes insufficient, or if any convict is treated cruelly or inhumanely by the hirer or his employes." Then follows another provision that: "Whenever the board of inspectors shall notify the governor that convicts who have been sentenced to hard labor for the county should be removed from the place where they are at work, or from the control of the person who has them hired, it shall be his duty to order the judge of probate of the county where said convicts were convicted, to remove them from such place, or to annul such contract as the case may be," etc. It thus appears that as to county convicts the president of the board of inspectors has no power to annul contracts, and

[Ossie v. The State.]

that the governor has the power only indirectly through the judge of probate. At the same time it appears that the board of inspectors must report the management to the probate judge.

The question in construing the section is whether the judge of probate must be moved to the annulment of the contract by the order of the governor, or may act voluntarily on the information furnished by reports made to him, or otherwise obtained, on which to form an opinion. Does the fact that the governor is given the right to compel the judge of probate to annul the contract of hiring, in a subsequent clause, put a construction on the previous clause so as to exclude the exercise of the power by the judge of probate without compulsion? Is there any incompatability in such a power being in the governor and at the same time an authority in the judge of probate to act without extraneous compulsion? We can see none. The clause of the section providing that the contract of hiring must contain a stipulation "that the contract shall end if the bond, in the opinion of the judge of probate, becomes insufficient, or if any convict is treated cruelly or inhumanely by the hirer or his employes," may be read with perfect consistency with the rules of rhetorical and grammatical expression, by making the clause "in the opinion of the judge of probate" applicable to each of the clauses—one relating to the bond, and the other to inhumane treatment. In the composition of compound sentences stipulating, as here, that the subject ("contract") shall have a certain status ("end") on the happening of one of two or more conditions or events connected by "or," the subject and predicate are usually and naturally expressed in connection with the first alternative condition, and left to be supplied with the other. The first condition here is "if the bond becomes insufficient," not, however, absolutely so, but qualifiedly ;that is, "in the opinion of the judge of probate." It can make no difference where this qualification, so far as the first condition is concerned, is placed, so it precedes "or." In its relation as expressed it determines, limits, and defines the first alternative, by

pointing out how the fact which is to end the contract is to be determined. The first sentence can be read thus: "The contract shall end, if in the opinion of the judge of probate the bond becomes insufficient." The question then is whether in the next alternative introduced by the word "or" the qualifying clause used with reference to the first condition is not to be supplied as to the second, just as the subject ("contract") and the predicate ("shall end") are supplied. It is just as grammatical and proper to carry forward the mode of determining the fact which is to end the contract, as it is to supply the subject and predicate in the several alternatives connected by "or." And we think such is the meaning of the statute. Why are reports on the condition of the convicts to be made to the judge of probate if he can act only on compulsion by the governor moved by the notice given by the inspectors to him? The power to compel action, lodged in the governor, by the judge of probate was not intended to give the judge jurisdiction to act, but to prevent his neglect to act voluntarily. The power to force the judge of probate to act is a "cumulative precaution, designed to better insure the humane treatment of convicts. It may have been supposed that local officers would sometimes neglect this duty."—*Jefferson County v. Truss, supra.* This case expressly holds that section 4525 of the code of 1896 applies "to all convicts hired out by the court of county commissioners." Therefore no distinction can be drawn as to the power of the judge of probate in respect to convicts hired to work in or out of the county to terminate the contract of hiring. And we hold that under this section the judge had the right to annul the contract for either of the causes enumerated therein.

The point that the annullment for the insufficiency of the bond must be confined to the case of a change in the sufficiency from what it was when originally made is entirely too narrow. It is the present state of insecurity for the future that justifies the act, and not a change from the original sufficiency. The law suposing and taking it for granted that a sufficient bond has been orig-

[Ossie v. The State.]

inally taken gives the judge of probate authority to judge
of the sufficiency at any future time, and finding it then
insufficient calls into existence the power of annulment.
In habeas corpus proceedings the enquiry is as to the law-
fulness of the detention. It is the status of the petitioner
at the trial which determines his rights. As said by Mr.
Church, in his most excellent work on Habeas Corpus:
"On a habeas corpus, the decision should be made upon
the actual status of the case at the time of the decision,
and not according to the state of things when the writ
was allowed." The detention may become lawful when
originally unlawful, or unlawful when originally law-
ful; and in such cases the court is bound to regulate its
judgment according to the status at the trial. It would
be preposterous to remand a prisoner to be hanged who
has been pardoned after the date of the writ. In short,
it is the status at the time of the trial which the court
views and therefore it must receive proofs to that point,
though it may involve a change of the original status.

In this case, although the petition was sworn to on the
12th day of May, the writ was not issued until two days
thereafter and was not heard until the 11th day of June.
On the 30th day of April, the probate judge made an or-
der annulling the contract with the Sloss Company be-
cause of inhuman treatment of the convicts. On the 14th
of May he made a similar order without specifying the
grounds on which it was based, and on the 21st day of
May a similar order was made on the ground that the
bond of the hirer "is insufficient." If the judge was au-
thorized and empowered to make these orders, and we
have shown that he was, they put an end to the contract
with the Sloss Company, and the exercise of that au-
thorization or power in the absence of fraud or collu-
sion is final.—*Jefferson County v. Truss, supra; Lynde
v. County*, 16 Wall. (U. S.) 6, 21 L. Ed. 272; *Plock v.
Cobb*, 64 Ala. 127. After the making of these orders the
Sloss Company ceased to be "the person authorized by
law to detain" the appellant, and therefore he is entitled
to relief, but not to his discharge. On the evidence of-
fered, but which the trial judge refused to admit, he

[The State v. Sikes.]

should have been discharged from the custody of the Sloss Company and remanded to the custody of the jailer of Jefferson county until hired out or disposed of by the board of revenue and road commissioners of Mobile county.—§§ 4838, 4839, code 1896; *White v. State,* 134 Ala. 197, 32 South. 320; *State v. Roberts,* 126 Ala. 87, 28 South. 744; 15 Am. & Eng. Ency. Law (2d Ed.) p. 209.

The order appealed from is reversed and the cause remanded for further proceeding in accordance with this opinion.

Reversed and remanded.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.