# State *v.* Megs.

*Habeas Corpus.*

(Decided Feb. 10, 1910. 51 South. 758.)

*Habeas Corpus; Disposition of Person; Discharge.*—Where the county has made proper provision by a contract for the disposition of convicts sentenced to hard labor for the county, and had designated a person to receive them, one convicted and sentenced to hard labor for the county, and put in the custody of the sheriff to be delivered to the proper custodian who seeks discharge by habeas corpus on the grounds of unreasonable detention by the sheriff, should

[State v. Megs.]

not be discharged, but should be remanded to the custody of those having the right thereto.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Louisa Megs brought habeas corpus to be discharged from the custody of the sheriff of Mobile county, because of unreasonable detention. The court entered an order of discharge and the state appeals. Reversed and judgment rendered.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, and NICHOLAS STALLWORTH, Solicitor, for the State.—Upon the authority of *White v. The State,* 134 Ala. 208, and *Ossie v. The State,* 147 Ala. 159, and *Ex parte Beddis,* 142 Ala. 68, the court erred in discharging petitioner, and should have entered an order directing the sheriff to deliver her to her proper custodian.

C. W. THOMPKINS, for petitioner. No brief came to the Reporter.

MAYFIELD, J.—This is an appeal by the state of Alabama from an order of the judge of the circuit court for Mobile county, discharging the petitioner from the custody of the sheriff of Mobile county on the hearing of her petition for habeas corpus. The facts are substantially as follows.

Louisa Megs, the petitioner, was convicted by the recorder of the city of Mobile, August 26, 1909, of being a vagrant, and was sentenced to perform three months' hard labor for the county. Under the mittimus in due form she was committed to the sheriff of Mobile county on said date, to be delivered to such person as might be appointed by the revenue and road commissioners of

Mobile county to receive and confine her during the term of sentence. August 31, 1909, she petitioned Judge Browne, of the circuit court of Mobile county, for a writ of habeas corpus, upon the ground that she was illegally detained for an unreasonable time by the sheriff. The writ was issued, and the sheriff made return thereto, and produced her before Judge Browne, stating the cause of her detention to be the mittimus, a copy of which was exhibited with her petition. Upon the hearing it was shown that the road and revenue commissioners of Mobile county had properly and lawfully provided for the imprisonment of county convicts under such sentence of hard labor by contract regularly made with the Vinegar Bend Lumber Company, providing for their incarceration at or near Vinegar Bend, a distance of 47 miles from Mobile county jail, but that the hard-labor contractor had not called for the prisoner upon the issue of the writ or the sheriff's return. There is telegraphic communication between Mobile and Vinegar Bend, and two passenger trains daily, by which said hirer could have gotten petitioner, to put her at hard labor.

Petitioner contended that she had been unreasonably detained by the sheriff after conviction, without being put upon the service of the sentence of conviction, and was, therefore, entitled to her discharge. Her application was resisted by the solicitor for Mobile county upon the ground that the five days during which she had been detained by the sheriff from entering upon the service of her sentence was not an unreasonable length of time. The solicitor further contended that, if it was an unreasonable time, then the court should order, not her absolute discharge from custody, but simply her discharge from imprisonment by the sheriff, and remand her to the custody of the Vinegar Bend Lumber Compa-

[State v. Megs.]

ny for confinement at hard labor in accordance with the sentence, with directions to the sheriff to immediately deliver her into such custody. The court sustained the petitioner's contention and ordered her absolute discharge, from which order the state, by its solicitor, appeals.

The order of the court discharging the petitioner was error. The proper custodian of the prisoner during the execution of sentence had been provided by the officers of the law, as shown upon the trial, and this custodian was known; and her delivery could and should have been ordered to this proper custodian, to wit, the Vinegar Bend Lumber Company. The case of *White v. State*, 134 Ala. 197, 32 South. 320, reviews all the previous decisions of this court in similar proceedings; and this, and the cases reviewed therein, have since been several times followed, and are conclusive to the effect that the prisoner should have been remanded to the custody of the Vinegar Bend Lumber Company, the hirer of the convicts of Mobile county.

Accordingly the order of the circuit judge, in discharging, is reversed; and a judgment will be here entered, remanding the prisoner to the custody of the Vinegar Bend Lumber Company, her proper custodian during the execution of her sentence, and directing the sheriff of Mobile county to immediately deliver her into such custody.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON, and SAYRE, JJ., concur.