# Smith *v.* The State.

### *Habeas Corpus.*

(Decided January 30, 1912. 58 South. 117.)

1. *Habeas Corpus; Defective Indictment.*—Where the indictment under which the prisoner was convicted does not appear in the record, the appellate court cannot pass upon its sufficiency in habaes corpus proceedings.

2. *Same; Jurisdiction; Judgment.*—A general judgment of guilt pronounced by a court of competent jurisdiction on a verdict finding the defendant guilty on his plea of guilty and imposing a sentence, does not show on its face an apparent excess of jurisdiction entitling the defendant to his discharge on habeas corpus.

3. *Same; Errors and Irregularities.*—A judgment, under which a prisoner is confined, can be attacked on habeas corpus only for jurisdictional defects, not for informalities or irregularities.

4. *Same; Delay in Enforcing Sentence.*—Where judgment was pronounced sentencing a prisoner to the penitentiary on October 25, and a return of the sheriff to habeas corpus proceedings was made November 16, following, showing that he still had custody of the prisoner, and giving no reason why the prisoner had not been delivered to the custody of the convict agent as required by Sections 6513 and 6514, Code 1907, an unreasonable delay in carrying out the sentence of the court was shown.

5. *Same; Relief.*—A delay by the sheriff in carrying out the sentence of the court in a criminal case is not grounds for an absolute discharge; the proper judgment on habeas corpus being one releasing the prisoner from the custody of the sheriff, and remanding him to the proper authorities, and, hence, a judgment remanding him to the custody of the sheriff to be forthwith delivered to the proper authority is proper.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. H. ALSTON.

Elisha Smith brought habeas corpus to obtain his discharge. From an order dismissing the petition and

[Smith v. The State.]

remanding petitioner to the custody of the sheriff to be forthwith delivered to the proper authorities of the convict department, he appeals. Affirmed.

WINN & WINN, for appellant. A general verdict of guilt is not sufficient to support a verdict of guilty in this case.—*Storey v. The State,* 71 Ala. 429; *Zahner v. The State,* 90 Ala. 651; *Ex parte Espalla,* 109 Ala. 92; Section 7315, Code 1907. If the verdict was good the judgment was defective, as it failed to find the offense of which the defendant was guilty.—*Wright v. The State,* 103 Ala. 95. Petitioner was detained for an unreasonable time, and was, therefore, entitled to his discharge.—*Ex parte Cruse,* 75 Ala. 457; *Ex parte Rand,* 99 Ala. 320; *Kirby v. The State,* 62 Ala. 56; *Ex parte Stewart,* 98 Ala. 68; *Ex parte King,* 82 Ala. 59; *Ex parte Groucher,* 103 Ala. 305; Section 6513, Code 1907. The judgment is predicated upon an insuffcient verdict.

ROBERT C. BRICKELL, Attorney General, WM. L. MARTIN, Assistant Attorney General, for the State. The indictment does not appear of record, and the court cannot pass upon its legality, neither is this the proper way to raise the question.—*Ex parte Knight,* 61 Ala 482. What is a reasonable time must be determined by the circumstances.—*Kirby v. The State,* 62 Ala. 51; *Ex parte King,* 82 Ala. 59. The proper order was made in this case.—*Fite v. The State,* 134 Ala. 193. The proper provision was made for carrying out the sentence.—*Smith v. The State,* 149 Ala. 53; *State. v. Megs,* 165 Ala. 136.

PELHAM, J.—The appellant, while confined in the county jail of Barbour county, held under a sentence of the circuit court, prosecuted a writ of habeas corpus,

alleging that he was illegally confined or imprisoned, because the judgment of the court was void, and also for that there had been an unreasonable delay in keeping him confined in the county jail after he had been sentenced to serve a term of imprisonment at hard labor in the penitentiary of the State.

The appellant argues that the indictment under which he was tried and convicted charges no offense known to the laws of the State of Alabama, and is unknown to the common law. The record does not set out the indictment, and this court is uninformed as to what it may contain or charge and cannot pass upon that question. *Ex parte Knight*, 61 Ala. 482.

The judgment complained of as void shows that the defendant was arraigned on an indictment charging "burglary," and pleaded guilty. The jury found the the defendant "guilty upon his plea of guilty," and the court thereupon entered a general judgment of guilty against the defendant, and sentenced him to imprisonment in the penitentiary for a period of five years. This is not a void judgment, and not a judgment or sentence showing on its face an apparent unsurpation or excess of jurisdiction, such as would entitle the defendant to his discharge from imprisonment on a writ of habeas corpus. The court was one of general jurisdiction competent to try the case, enter a judgment of guilty, and impose sentence; and the judgment and *sentence* were sufficient even to support an appeal.—*Shirley v. State*, 144 Ala. 34, 40 South. 269; *Talbert v. State*, 140 Ala. 46, 37 South. 78; *Robertson v. State*, 123 Ala. 55; 26 South, 645; *Driggers v. State*, 123 Ala. 46; 26 South. 512; *Wilkinson v. State*, 106 Ala. 23, 17 South. 458; *Gray v. State*, 55 Ala. 86. This proceeding, however, is a collateral attack only on the judgment; and voidable informalities and irregularities are not available on ha-

beas corpus proceedings, but only fatal jurisdictional defects.—*Ex parte Simmons,* 62 Ala. 416; *Sneed v. State,* 157 Ala. 8, 47 South. 1028; *Bray v. State,* 140 Ala. 172, 37 South. 250; *Ex parte Bizzell,* 112 Ala. 210, 21 South. 371; *Gordon v. State,* 71 Ala. 315; *Ex parte Herrington,* 87 Ala. 1, 5 South. 831.

The judgment of conviction and sentence of the court is dated October 25, 1911, the writ of habeas corpus was sued out on November 10, 1911, and the petition was heard and return made on the 16th day of November, 1911. The term of court at which the defendant was sentenced adjourned on the 27th day of October, 1911. The sheriff in his return to the writ on November 16, 1911, stated that he held the petitioner under the judgment of conviction and sentence of the circuit court, imposed on October 25, 1911, giving no reason and making no showing why the petitioner had not been delivered to the agents of the board of convict inspectors. Code §§6513, 6514. The clerk of the court testified that the day after the adjournment of the term of court at which the defendant was sentenced he notified the convict authorities, as provided by law. The appellant contends that there has been an unreasonable delay in carrying out the sentence of the law, and that he has been held in custody of the sheriff in the county jail for an unreasonable length of time after having been sentenced to serve a term in the penitentiary. Upon this proposition, we are inclined to agree with petitioner; but this does not entitle him to be discharged absolutely because of his unlawful detention by the sheriff in the county jail. This subject has been carefully considered and passed upon by the Supreme Court. The proper order is not an absolute discharge, but a judgment releasing the prisoner from the unlawful detention by the sheriff, and remanding him to the custody

of the proper authorities. *White v. State*, 134 Ala. 197; 32 South. 320; *Smith v. State*, 149 Ala. 53, 43 South. 129; *State v. Megs*, 165 Ala. 136, 51 South. 758.

The order of the court below in remanding the prisoner to the custody of the sheriff of the county, to be forthwith delivered to the proper authorities to take him to the penitentiary of the State of Alabama to carry out the sentence of the circuit court, is correct. It is in effect an order discharging the prisoner from the custody of the sheriff for confinement in the county jail, and remanding him to the custody of the board of convict inspectors for confinement in the penitentiary.

The judgment denying the petition is affirmed.

Affirmed.