# Hines *v.* The State.

*Habeas Corpus.*

(Decided May 9, 1912. 58 South. 973.)

*Habeas Corpus; Requisition; Prima Facie Case.*—Where a petitioner is detained under requisition proceedings and brings habeas corpus, a return of the sheriff showing a warrant from the governor of this state, and the requisition papers from the governor of another state, each reciting that petitioner was charged with crime in the other state, and was a fugitive from justice, makes out a prima facie case of lawful detention which must be rebutted by the prisoner in order to entitle him to discharge.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

William Hines brings habeas corpus to procure his discharge from detention under requisition proceedings. From an order remanding petitioner he appeals. Affirmed.

J. T. ROACH, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, WM. L. MAR-
TIN, Assistant Attorney General, for the State. A *prima
facie* case was made out by the sheriff's return and no
testimony in rebuttal was shown.—*Barriere v. The
State*, 142 Ala. 78; *Ex parte State v. Mohr*, 73 Ala. 503;
*Law v. The State*, 56 South. 79.

WALKER, P. J.—The petition for the writ of habeas
corpus averred that the petitioner was unlawfully re-
strained of his liberty by the sheriff of Jefferson county
on a warrant issued by the Governor of Alabama charg-
ing petitioner with being a fugitive from justice from
the State of Oklahoma on a charge of embezzlement in
said State; a copy of said warrant being attached to
the petition and made an exhibit. The return to the
writ showed as the cause of the petitioner's detention
that warrant of the Governor, and the return on it
showing the arrest and commitment of the petitioner
under it. The order appealed from recites that the
writ of habeas corpus, coming on to be heard, "was sub-
mitted on the petition for the writ, and the re-
turn of the sheriff thereon, the warrant of arrest issued
by the Governor of Alabama charging the said petitioner
with being a fugitive from justice from the State of Ok-
lahoma, the returns on said writ, and evidence before
said judge showing the personal identity of said Will
Hines," and ordered that the petitioner be remanded to
the custody of the sheriff of Jefferson county, to be by
him surrendered to the custody of the agent of the State
of Oklahoma named in the Governor's warrant.

The warrant of the Governor of Alabama recited a
demand by requisition made by the Governor of Okla-
homa for the surrender of the petitioner, who is charged
by indictment in the county of Pittsburg in said State
with the crime of embezzlement, a duly certified copy
of which indictment accompanies said requisition,

and that it appears that said Will Hines had fled from justice in said State and taken refuge in the State of Alabama. There is nothing in the record to indicate that the petitioner in any way raised a question as to the correctness of the recitals contained in the warrant of the Governor of Alabama for his arrest. Those recitals showed that the essential conditions of its issue had been compiled with. *Barriere v. State,* 142 Ala. 78, 39 South. 55; *State v. Currie,* 175 Ala. 1, 56 South. 735. This being true, a *prima facie* showing that the petitioner was legally detained was made. *Singleton v. State,* 144 Ala. 104, 42 South. 23; Church on Habeas Corpus (2d Ed.) §b80. As the record does not indicate that this *prima facie* showing was in any way rebutted or impaired, the conclusion follows that the order remanding the petitioner was proper.

Affirmed.