(77 South. 443)

STATE ex rel. MARTIN, Atty. Gen., v. GUNTER, Circuit Judge. (3 Div. 296.)

(Court of Appeals of Alabama. Nov. 22, 1917.)

1. COURTS ☞207(5) — JURISDICTION—COURT OF APPEALS.

The Court of Appeals has jurisdiction of a petition praying for a writ of prohibition to restrain a circuit judge from hearing a petition for a writ of habeas corpus by one held under a valid judgment of conviction of operating a gaming table, on the ground that the sentence imposed is void, in view of statute according it power to issue such writs as are necessary to give it superintendence and control over courts of inferior jurisdiction in matters over which it has final appellate jurisdiction.

2. HABEAS CORPUS ☞46 — JURISDICTION — CIRCUIT COURT.

Where the circuit court of Colbert county in which petitioner was convicted surrendered its custody to the penitentiary under a void sentence, an effort thereafter to sentence petitioner in his absence was abortive, and a judge of the Fifteenth judicial district, petitioner having been delivered to the convict transfer agent, and by him committed to the custody of the sheriff of Montgomery county, had jurisdiction of a habeas corpus proceeding, no further steps having been taken by the court imposing the sentence to regain custody at the time petition for habeas corpus was presented.

3. HABEAS CORPUS ☞109 — ABSOLUTE DISCHARGE.

In such case, the judgment of conviction being valid, petitioner is not entitled to an absolute discharge, if it should appear that the court imposing sentence has not lost its power to enforce the judgment by a proper sentence, and has taken steps to procure custody.

4. EVIDENCE ☞41—JUDICIAL KNOWLEDGE—EXPIRATION OF TERMS OF LOWER COURT.

The Court of Appeals knows judicially whether a term of the circuit court at which a conviction was had has expired, and that such court is open at all times during the term for the transaction of all business or judicial proceedings of any kind in view of Acts 1915, p. 707, providing that circuit courts shall be open for the transaction of any and all business, or judicial proceedings of every kind, from the first Monday in January to and including the last Saturday of June, and from the first Monday after the Fourth of July to and including the last Saturday before Christmas.

Petition for writ of prohibition by the State, on the relation of W. L. Martin, as Attorney General, against Gaston Gunter, as Judge of the Fifteenth Judicial Circuit. Petition dismissed.

W. L. Martin, Atty. Gen., and Perry W. Turner, Asst. Atty. Gen., for appellant. L. A. Sanderson, of Montgomery, for appellee.

BROWN, P. J. This is an original petition filed in this court by the state, on the relation of the Attorney General, praying for the issuance of a writ of prohibition to restrain the Hon. Gaston Gunter, Judge of the Fifteenth judicial circuit, from hearing the petition of one J. T. Bailey, who seeks his discharge under the writ of habeas corpus. The ground upon which Bailey prays to be discharged is that the judgment of sentence pronounced against him by the circuit court of Colbert county, in a case wherein he was convicted of the offense of operating a gaming table, is void, and hence his restraint thereunder illegal. The state, conceding that the judgment of sentence is void, rests its right to the issuance of the writ of prohibition on the theory that the judgment of conviction is valid, and the circuit court of Colbert county is entitled to the custody of the prisoner, for the purpose of enforcing its judgment against him, and under the doctrine announced in the case of Ex parte Attorney General, 150 Ala. 489, 43 South. 490, 10 L. R. A. (N. S.) 1129, the respondent is without jurisdiction to entertain Bailey's petition and discharge him thereunder.

[1] In response to the rule nisi issued upon the filing of the petition, the respondent

pleads that this court is without jurisdiction to entertain this petition and issue the writ of prohibition prayed for. While we are not advised upon what theory this contention is based, we are clearly of the opinion that it is without merit. In express terms, jurisdiction is conferred upon this court by the act of its creation, "to issue writs of mandamus and habeas corpus, and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdictions inferior to it, and in matters over which it has final appellate jurisdiction," and is given "final appellate jurisdiction coextensive with the state of all suits at law, where the amount involved, exclusive of interest and costs, does not exceed the sum of $1,000, and over all misdemeanors, including violation of town and city ordinances, bastardy, habeas corpus and all felonies where the punishment has been fixed at twenty years or under." Therefore, whether we consider the character of the offense of which Bailey was convicted, or the nature of the proceedings pending before the respondent, the matter is one over which this court has final appellate jurisdiction, within the meaning of said act, and the respondent, in entertaining the petition for the writ of habeas corpus, is exercising a jurisdiction inferior to that conferred upon this court. Ex parte State ex rel. Attorney General, supra; State ex rel. Attorney General v. Gunter, Judge, 11 Ala. App. 399, 66 South. 844; Ex parte Gunter, In re State ex rel. Attorney General v. Gunter, 193 Ala. 486, 69 South. 442.

[2] Is the state entitled to the issuance of the writ of prohibition, on the case made by the petition? The facts as they appear from the record here are that Bailey was duly indicted, tried, and convicted in the circuit court of Colbert county on the 19th day of October, 1917, for the offense denounced by section 6985 of the Code, and was sentenced to a term of six months in the state penitentiary. After his conviction and sentence, he was transferred by the officials of the circuit court of Colbert county to the custody of the penitentiary authorities, under the said sentence. Thereafter, the circuit court, in Bailey's absence, undertook to set aside the judgment of sentence to the penitentiary and pronounce a sentence of hard labor for the county for the term of six months. Upon the penitentiary authorities being advised of this act of the court, Bailey was delivered to the convict transfer agent, and by him committed to the custody of the sheriff of Montgomery county, who confined him in the county jail until such time as the sheriff of Colbert county should receive him and deliver him to the proper custodian of the county convicts for Colbert county.

Soon after Bailey was committed to the county jail, he presented his petition for writ of habeas corpus to the Hon. Leon McCord, one of the judges of the Fifteenth judicial circuit, who issued the writ of habeas corpus, returnable before the respondent. Averments are made on information and belief that subsequent to the filing of the petition for the writ of habeas corpus, on, to wit, the 12th day of November, 1917, that Hon. Henry B. Jones, solicitor for the circuit court of Colbert county, filed a motion in the circuit court of said county to set aside the void judgment of sentence entered in said case, and praying that a sentence be pronounced against Bailey, in accordance with the law; that upon the filing of this motion, the judge of said court issued a bench warrant directing the sheriff of Colbert county to take said Bailey into his custody, and bring him before the court, for the purpose of enforcing the judgment of conviction. From these facts, we think it clear that Bailey was not in the custody of the circuit court of Colbert county when the petition for writ of habeas corpus was presented to the judge of the Fifteenth judicial circuit. That court had surrendered its custody to the penitentiary authorities, under what is conceded to be a void sentence, and it is likewise conceded that the effort to sentence the prisoner to hard labor in his absence was abortive, and therefore, at the time the petition for the writ of habeas corpus was presented, the circuit court of Colbert county had taken no steps to regain the custody of Bailey for the purpose of enforcing its judgment.

In the case of Ex parte State ex rel. Attorney General, supra, the prisoner had been transferred by an order of the circuit court of Cullman county, wherein he was convicted, and committed to the jail of Jefferson county for safe-keeping, to abide the execution of the judgment of conviction of murder pronounced against him, and a sentence to death, and while so confined, a petition for the writ of habeas corpus was sued out in his behalf, before a judge of the criminal court of Jefferson county, on the ground that he had become insane since his conviction, and on these facts appearing in the petition for writ of prohibition filed in the Supreme Court, the writ was issued, on the ground that the prisoner being in the custody of the circuit court wherein he was convicted for the purpose of enforcing his sentence, and being confined in the county jail under the order of that court, no other court or judge had any authority to usurp or interfere with the jurisdiction of the circuit court of Cullman county. The facts stated above differentiate that case from the case at bar, and we hold, under the facts in this case, that the respondent had the right to entertain the petition for the writ of habeas corpus, and jurisdiction to hear and determine the matter therein involved, and if the state should deem herself aggrieved by any order entered, or should the prisoner be discharged, an adequate remedy is afforded in appeal from such order.

In the case cited above, the Supreme Court said:

"It is undoubtedly true that prohibition is an extraordinary legal remedy, and can only be resorted to in case of usurpation or jurisdiction or power by an inferior court or when, in the exercise of jurisdiction in handling matters clearly within its cognizance, the inferior court transgresses the bounds prescribed to it by the law. 1 Brickell, Dig. 389, § 1 et seq. It is also true that this remedy cannot be resorted to *when an appeal will lie* for the correction of errors committed upon the hearing of the cause." (Italics supplied.)

[3, 4] The judgment of conviction against Bailey, being valid, should be enforced, and is enforceable by the pronouncement of a proper sentence, unless the court has lost its power over the judgment by lapse of time. The statute provides:

"After the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Acts 1915, p. 708, § 3.

We judicially know that the term of the circuit court at which Bailey was convicted has not expired, and that court is open at all times during the term for the transaction of all business or judicial proceedings of any kind. Acts 1915, p. 707. And if it should be made to appear on the hearing of the petition for the writ of habeas corpus that the circuit court of Colbert county has not lost its power over said judgment, and that the court has taken steps to take Bailey into its custody for the purpose of enforcing its judgment, while he is entitled to be discharged from illegal restraint, he is not entitled to an absolute discharge, but should be remanded to the custody of the sheriff of Colbert county, to await the further orders of the circuit court of that county. White v. State, 134 Ala. 197, 32 South. 320; Ossie v. State, 147 Ala. 152, 41 South. 945; Smith v. State, 149 Ala. 53, 43 South. 129; State v. Megs, 165 Ala. 136, 51 South. 758; Hines v. State, 4 Ala. App. 214, 58 South. 973.

The petition for a writ of prohibition is dismissed, and the prayer denied.

Petition dismissed.