228 So.2d 837

**Ex parte Virgil L. LIMBAUGH.**

**3 Div. 33.**

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

PER CURIAM.

Petition denied.

CATES, Judge (concurring specially):

This is an original mandamus action to activate the District Attorney of the 15th Judicial Circuit into seeking a writ of habeas corpus ad prosequendum. If issued, the petitioner would be delivered by the agents of the Attorney General of the United States to the Circuit Court of Montgomery County for trial.

As I understand the governing regulations for "lending" a Federal prisoner to a State for trial, the State must agree to pay the cost and to return the prisoner to the designated United States marshal. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, fn. 13.

Our statutes require the sheriff to deliver all penitentiary convicts to the agents of the Board of Correction for hard labor "within the State." Code 1940, T. 45, §§ 27 and 28.

Indeed, any such convict who conceives that a sheriff is willfully hindering his paying his debt to society may sue for a writ of habeas corpus to be remanded to the Board of Corrections. White v. State, 134 Ala. 197, 32 So. 320; Smith v. State, 149 Ala. 53, 43 So. 129; Smith v. State, 4 Ala.App. 210, 58 So. 117.

It follows, therefore, that Alabama can avoid Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 only if there is a Federal statute which allows a Federal convict to be also "lent" to the State for not only trial but also for obedience and endurance of the State sentence in the Alabama penitentiary. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575 poses an impossibility under our scheme of penal laws.

For Alabama to make it mandatory for the District Attorney and the circuit court to bring prisoners from the Federal prisons *during* their sentences and return them, even if convicted, would, at least, require an amendment of Code 1940, T. 45, § 27 and related statutes.

Under the present record, I am unable to predict whether or not the State is waiving its right to try Limbaugh. See Greene v. Mich. Dept. of Corrections, 6 Cir., 315 F. 2d 546; Colin v. Bannon, 337 Mich. 491, 60 N.W.2d 431; In re Cammarata's Petition, 341 Mich. 528, 67 N.W.2d 677.