# Ex Parte State, ex rel. Attorney General.

### Prohibition.

(Decided April 7, 1907.  43 So. Rep. 490.)

1. *Prohibition; When Awarded; Jurisdiction.*—When it appears clearly that the inferior court has no jurisdiction of the subject matter or the parties to the controversy a writ of prohibition is the remedy.

2. *Same.*—A writ of prohibition was the proper remedy to prevent a judge of the criminal court of the county wherein the prisoner was detained from entertaining a petition for habeas corpus, on the grounds that subsequent to his conviction the prisoner had become insane, where it appears that, under the authority of the statute, a circuit court had committed the defendant, on conviction, for safe keeping, to the jail of the county outside the circuit.

3. *Courts; Powers to Control Process.*—The power is inherent in every court to prevent an abuse of its orders or processes and to control their execution to that end.

Original Petition in the Supreme Court.

Petition by the state on the relation of the Attorney-General for a writ of prohibition to restrain the Hon. S. L. Weaver, one of the judges of the Jefferson criminal court, from hearing and determining habeas corpus proceedings sued out by one convicted in another court, and committed to the Jefferson county jail for safe keeping, after conviction and sentence. Prohibition awarded.

[Ex Parte State, ex rel. Attorney General.]

John Williams was convicted in the circuit court of Cullman county of murder, and sentenced to be hanged. He appealed to this court, and pending said appeal sentence was suspended, and he was confined in the jail of Jefferson county for safe-keeping. This court affirmed the judgment of the lower court and fixed a day for the execution of the sentence. While incarcerated in the Jefferson jail, and just previous to the day fixed by this court for his execution, Frank Williams sued out a writ of habeas corpus for John Williams, alleging his conviction in the Cullman court and his insanity since his conviction, and that he was illegally restrained of his liberty by the jailer of Jefferson county, and that he should be in the custody of the State Asylum for the Insane. The petition was addressed to Judge Weaver, of the Jefferson county criminal court. He issued the writ returnable before him on a certain day, and when that day arrived application for a writ of prohibition was granted by this court, returnable at a later day, requiring Judge Weaver not to hear and determine the application for habeas corpus until this court could inquire into his right and authority to do so. He made return to the writ, and aswered.

MASSEY WILSON, Attorney General, GEORGE H. PARKER, and JOHN A. LUSK, for appplication.—The supreme court has power in the proper case to restrain by writ of prohibition the unauthorized action of inferior courts.—2 Brick. Dig. p. 389; *Ex parte Morgan, Smith*, 23 Ala. 94. Prohibition will issue to prevent an inferior court from proceeding with a cause pending an appeal. —*Styles v. T. C. I. & R. R. Co.*, 129 Ala. 671; *Bir. R. & E. Co. v. Bir. T. Co.*, 121 Ala. 475. § 140, Constitution 1901 confers powers to issue writs of prohibition.—*Ex parte Smith, supra; Ex parte Walker*, 25 Ala. 81; *Ex parte Quen*, 29 Ala. 52. There is no statute authorizing a writ of inquisition of lunacy of one under sentence.— §§ 4941 and 4942, Code 1896, only authorizes it before trial. A person under conviction of a felony is regarded as civiliter mortuus.—2 Blackstone's Commentaries, pp. 402-3; Coke's Littleton, 130; *Baltimore v. Town of Ches-*

*ter*, 38 Am. Rep. 677; *Troup v. Wood*, 3 John. Chan. 228; *Jackson v. Catling*, 2 John. Chan. 248; 7 Cyc. 154; *Afery v. Everett*, 110 N. Y. 317. The defendant being held under proceedings, conviction and sentence in and by a court having jurisdiction of his person and the offense, the writ of habeas corpus should not issue.—*Ex parte Robinson*, 123 Ala. 103; *Ex parte Chandler*, 114 Ala. 8. To warrant his discharge, to authorize the circuit court of Jefferson county, or a judge thereof, or of the city court, a court of concurrent or cor-ordinate jurisdiction to take him from the officers holding him under the authority of the circuit court of Cullman county, the proceedings under which he is held must be illegal.—*Ex parte Roberson*, 123 Ala. 103; *Ex parte Simmons*, 62 Ala. 416; *Ex parte Brown*, 63 Ala. 187. After conviction it is well settled as a general rule that the inquiry is limited to the question whether the court had jurisdiction in the premises.—15 Am. & Eng. Ency. p. 201; *Ex parte Bizzell*, 112 Ala. 210. The illegality complained of must appear on the face of the proceedings.—*Ex parte Davis*, 95 Ala. 9-15; *Cotton v. Holloway*, 96 Ala. 544; *Stevens v. Murray*, 87 Ala. 445; *Lightsey v. Harris*, 20 Ala. 409; 1 Blacks Judgments, §§ 245, 255, 256, and 286.

After the affirmance by supreme court, only want of jurisdiction can be considered on habeas corpus.—15 Am. & Eng. Ency. p. 203, note 2; *Daniel v. Towers*, 79 Ga. 785. Jurisdiction of the supreme court of the United States on habeas corpus in reviewing judgments of inferior courts is limited to the single question of the power of the court.—*Ex parte Carll*, 106 U. S. p. 521, Book 27 Lawyers' Ed. p. 288. Where full note of what question may be considered on writ of habeas corpus and where this first proposition is fully sustained. See the same effect: *Ex parte Yarbrough*, 110 U. S. 651, Book 28, p. 274, Lawyers' Ed. An issue as to the age of a person alleged to have been sentenced illegally because of his age, can not be considered on habeas corpus.—15 Am. & Eng. Ency. p. 202, note 3; *Ex parte Kauffman*, 73 Mo. 588; *People v. House of efuge*, Abb. Pr. N. S. (N. Y.) 112.

[Ex Parte State, ex rel. Attorney General.]

The question of whether he is insane or not. How is it to be tried? It cannot be tried in any other court than the one having jurisdiction of him. A case just like this where the rule is fully laid down.—*Nobles v. State of Ga.*, 168 U. S.Law. Ed., 398, Book 42, p. 515.

Prisoner under arrest, commitment or sentence. It is a well settled rule that a court having possession of a person cannot be deprived of the right to deal with such person until its jurisdiction is exhausted, and no other court has right to interfere with such custody.—11 Cyc. p. 1006, note 7; *Ableman v. Booth*, 62 U. S. 506; *Ex parte Johnson*, 167 U. S. 120, S. C. Law. Ed., Book 42, p. 103, and cases cited therein.

The defendant is not entitled to a trial of the question of insanity vel non after conviction as a matter of right. —*Lacross v. Commonwealth*, 84 Pa. 200. A trial of the question is a matter of discretion with the court.— *Bonds v. The State*, (1827) Mart. & Y. 143. Courts of general or concurrent jurisdiction of the matter, the court which first acquires jurisdiction will retain the case for final disposition.—*Menill v. Loke*, 47 Am. Dec. 371; *Chapin v. James*, 23 Am. Rep. 412; *Barton v. Sanders*, 8 Am. St. Rep. 261; *Ewing v. Mallison*, 70 Pac. 369; *State v. Humphries*, 125 Ala. 110; *Hall v. The State*, 130 Ala. 139; *State v. Fredlock*, 52 W. Va. 232. This is the rule in criminal cases as well as civil.— *State v. Chenault*, 55 Kan. 326; *Wallace v. McConnell*, 13 Peters, 136; *Peck v. Jenness*, 7 How. 612.

This was a proceeding by habeas corpus. When return shows a detainer under legal process, only points for examination are the existence, validity and present legal force of the process.—Hurd on Habeas Corpus, 332; Cited, 8 Am. St. Rep. 263.

Irregularity not considered, only illegality. Must be void before discharge on habeas corpus.—Hurd on Habeas Corpus, 327, Cited, 8 Am. St. Rep. 263; *State v. Neel*, 48 Ark. 283; *Plume v. Caldwell*, 136 Ill. 163, 29 Am. St. Rep. 305, and notes; *Gay, Hardie & Co. v. Brierfield C. & I. Co.*, 94 Ala. 303; *Reisner v. Gulf Col. & Sante Fe. Ry. Co.*, 89 Tex. 656; *Spiller v. Wells*, 96 Va.

598, 70 Am. St. Rep. 878, and note p. 881-2; *Leigh v. Green*, 62 Neb. 344, 86 N. W. 1093.

The judges of supreme court have each of them authority to issue writs of certiorari, injunctions and supersedeas as circuit court judges are authorized to grant them.—Code 1896, § 3827; Vol. 16 Encl. Pl. & Pr. p. 1099, note 1; *Ex parte Smith*, 23 Ala. 94; *Ex parte Walker*, 25 Ala. 81; *Ex parte Green*, 29 Ala. 52; *Ex parte Reid*, 50 Ala. 439; *Ex parte Hill*, 38 Ala. 429; *Ex parte Rountree*, 51 Ala. 42; *Ex parte Brown*, 58 Ala. 536; *Ex parte Peterson*, 33 Ala. 74; *Ex parte Mobile, etc.*, 63 Ala. 349; *Ex parte Booth*, 64 Ala. 312; *Ex parte Keeling*, 50 Ala. 476.

Circuit judge issues writ or note to show cause, etc., making it returnable in term time.—*Ex parte Booth*, 64 Ala. 312; *Ex parte Rey*, 45 Ala. 15; High Ex. Leg. Rem. 3 Ed., § 883.

The rule or preliminary writ may be issued in term or vacation, on application to one of the judges, but made returnable to the next term of the court.—16 Ency. of P. & P. 1139-40; *Ex parte Ray*, 45 Ala. 15; *Ex parte Keeling*, 50 Ala. 476; *Ex parte Booth*, 64 Ala. 312.

ERLE PETTUS, ZELL GASTON and F. E. ST. JOHN, for appellee.—Prohibition will not lie. Prohibition is an extraordinary legal remedy which issues only in cases of usurpation of jurisdiction or power by an inferior court. —*Ex parte Smith*, 23 Ala. 94; *Ex parte Smith*, 34 Ala. 455; *Ex parte Brown*, 58 Ala. 536; High Ex. Rem., 3d Ed., §§ 767, 770.

It will not lie to prevent a mistaken exercise of jurisdiction or mere erroneous action on the part of an inferior tribunal.—23 Ency. Law, 2nd Ed., 201-203; High Ex. Rem., 3d Ed., §§ 767, 770; *Ex parte Peterson*, 33 Ala. 76; *Ex parte Greene & Graham*, 29 Ala. 52.

To restrain an official or tribunal from proceeding to hear a particular case when such official or tribunal has jurisdiction of cases of that class or of the same general nature.—12 Am. Dec., 608, note; *Ex parte Smith*, 23 Ala. 94; *Ex parte Due*, 116 Ala. 491; *Epperson v. Rice*, 102 Ala. 669, 9 L. R. A. 59, note; *Haldeman v. Davis*, 28

W. Va. 324; *Wood County Ct. Case*, 34 W. Va. 362; *Fleming's Case*, 31 W. Va. 608; *State v. So. Ry. Co.*, 100 Mo. 59, 13 S. W. 398; 23 Ency. Law. 2d Edition, 211-226; 2 Spelling Ex. Rem., § 1728; High Ex.; Rem., 3d Ed. §§ 767-770; *Ex parte Mobile, etc.*, 63 Ala. 349; *Ex parte Boothe*, 64 Ala. 312.

. To restrain a particular case on the ground that the petitioner is not entitled to the relief sought.—9 L. R. A. 66 note; *State v. Valiant*, Mo. (March 10, 1890).

When there is any other adequate remedy.—*Epperson v. Rice*, 102 Ala. 669; High. Ex. Rem. 3d Ed. § 771; *Brickley v. Brickley*, 129 Ala. 403; 23 Ency. Law. 2d Ed. 209-210; *Ex parte Due*, 116 Ala. 493; *Ex parte Peterson*, 33 Ala. 76; *Ex parte Woodruff*, 123 Ala. 99; *Ex parte Campbell*, 130 Ala. 171.

The only statutes in this state with reference to insane criminals are to be found in section 4938-4945, Code 1896, and these relate only to cases of insanity in persons charged with crime. The common law, so far as adapted to our condition, consistent with our institution and unaffected by legislation prevails here.—*Pearson v. The State*, 12 Ala. 149; *Thompson v. The State*, 106 Ala. 79.

No insane person can be executed while in that state. —4 Blackstone, Com., 24-25; 1 Hale, Pleas. Crown, 34; 1 Hawkins, Pleas. Crown, p. 3, § 3; 1 Archbold's Crim. Pro., 18; Sheldon on Lunatics, etc., 595; Carr, Trial Lunatics, 4, 6, 86; 1 Russell on Crimes, 139; 1 Chitty Crim. Law, 760; 16 Ency. Lew, 2nd Ed. 621; *People v. Schmitt*, 106 Col. 48; *Green v. State*, 88 Tenn. 636; *Freeman v. People*, (N. Y.) 47, Amer. Dec. 219; *State v. Brinyea*, 5 Ala. 243; *Jones v. State*, 13 Ala. 158; 10 Ency. P. & P. 1218; 12 Cyc. 791; 22 Cyc. 1214.

There is a remedy for every wrong. The judiciary offers a way for the enforcement of every legal right. Courts of original jurisdiction have inherent power to give effect to the law. A plain provision of law by necessary implication carries with it all power required to make such provision operative.—1 Cyc. 700; 1 Cyc. 704; 8 Ency. Law, 2nd Ed. 28; *Ex parte State*, 71 Ala. 371.

Habeas corpus, the great common law writ, furnishes the appropriate remedy to test the question, when insan-

ity of the convict is suggested as intervening between judgment and execution. Procedure may be molded by the court according to the forms of common law.—Const. Ala., 1901, Art. 1, § 17; Const. U. S., Art. 1, § 9; Code, §§ 4812-4838; *Barriers v. State,* 142 Ala. 75; *People v. Lipscomp,* 60 N. Y. 559; Cooley Con. Lim. 7th Ed. 494; *In re Patzwold,* 50 Pac. 139; *Williamson v. Lewis,* 39 Pa. 31; *People v. Sheriff,* 11 Civ. Proc. R. 172; Church on Habeas Corpus, § 382 b; *People v. Mallory,* 88 Amer. St. Rep. 212; Wood on Mandamus, etc., 153; Hurd on Habeas Corpus, 2nd Ed. 298; *Graham v. Graham,* 1 Serg. and R. (Pa.) 330; *State, ex rel Chandler,* 45 La. Ann., 696, 12 So. Rep. 884; 1 Cyc. 704; *Ossie v. State,* Ala. July, 1906.

TYSON, C. J.—The petition in this case is for a writ of prohibition, and was exhibited to Hon. S. D. Weakley, the then Chief Justice of this court, in vacation, who issued a rule nisi returnable to this term of this court. In obedience to the rule issued, the judge to whom it was directed answered, admitting all the material averments of the petition, but denied that his acts as judge constituted a usurpation of jurisdiction or power, or that the power conferred upon him by law was abused, or that his jurisdiction had been exceeded in any particular. This matter of controversy arises over the right, or rather the jurisdiction, of the respondent, as judge of the criminal court of Jefferson county, to hear and determine a petition for a writ of habeas corpus in behalf of one Williams, who was confined in the jail of that county for safe-keeping, to abide the execution of a judgment of conviction of murder in the first degree, in which he was sentenced to death, rendered by the circuit court in and for the county of Cullman, under an order of that court, upon the alleged ground that Williams, since his conviction, had become insane, and was insane at the time of the filing of the petition. The fore going facts are shown by the petition for the writ of habeas corpus. The motion to dismiss that petition for want of jurisdiction was denied.

It is undoubtedly true that prohibition is an extraordinary legal remedy, and can only be resorted to in cases of usurpation of jurisdiction or power by an inferior court, or when, in the exercise of jurisdiction in handling matters clearly within its cognizance, the inferior court transgresses the bounds prescribed to it by the law.—2 Brick. Dig. p. 389, § 1 et seq. It is also true that this remedy cannot be resorted to when an appeal will lie for the correction of errors committed upon the hearing of a cause. But, if the want of jurisdiction is disclosed on the face of the petition, then the writ of prohibition will be awarded, notwithstanding the respondent may have jurisdiction to issue writs of habeas corpus in proper cases.—*Ex parte Walker*, 25 Ala. 81; *Ex parte Smith*, 23 Ala. 94. In other words, when it clearly appears that the inferior court has no jurisdiction of the subject-matter or of parties to the legal controversy, a writ of prohibition is the remedy.—16 Ency. Pl. & Pr. p. 1110, and note 2. And obviously, when this is the case, if the proceeding should be permitted to go to judgment such judgment would not support an appeal, because it would be coram non judice.—*Ex parte Lyon*, 60 Ala. 650; *Pettus v. McKinney*, 56 Ala. 41; *David's Adm'r v. David*, Ib. 49.

On the facts averred in the petition, did the respondent have jurisdiction to entertain it? Section 4959 of the Criminal Code of 1896 expressly confers upon the court in which Williams was convicted authority to commit him for safe-keeping to the jail of Jefferson county. By that order the court did not surrender its custody of him necessary to the execution of the sentence of death pronounced against him. Nor did his appeal to this court from the judgment of conviction, and an affirmance of that judgment, impair the right of the circuit court to his custody for the purpose of enforcing its judgment and sentence.—Section 5439 of the Criminal Code of 1896. That court having custody of him for the purpose of enforcing its judgment, could the respondent legally entertain the petition for habeas corpus, and thereby deprive the circuit court of its custody of him, to the end, it may be, of defeating its right to enforce

the judgment? We think not. There is clearly no statute which authorizes such a proceeding. In *Ex parte Johnson*, 167 U. S. 120, 17 Sup. Ct. 735, 42 L. Ed. 103, on petition for habeas corpus after conviction and sentence of death by the District Court of the United States, the court said: "We know of no reason why the rule so frequently applied in cases of conflicting jurisdiction between federal and state courts, should not determine this question. Ever since the case of *Ableman v. Booth*, 21 How. 506, 16 L. Ed. 169, it has been the settled doctrine of this court that a court having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession." In *Ex parte Roberson*, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107, Roberson renewed to this court his application for writ of habeas corpus after conviction, alleging his unlawful confinement in the county jail by virtue of a void judgment. This court, after ascertaining that the judgment of conviction was valid, said: "The defendant being legally held in custody under proceedings in a court having jurisdiction of his person and of the offense with which he was charged and has been convicted, the circuit judge properly refused to issue the writ, and here also it will be denied." See, also, *Ex parte Chandler*, 114 Ala. 8, 22 South. 285; *State v. Humphrey*, 125 Ala. 110, 27 South. 969; *Hall v. State*, 130 Ala. 139, 30 South. 502. This principle, it seems to us, is decisive of the question that the respondent had no jurisdiction to hear and determine the petition for writ of habeas corpus; for it will certainly not be disputed that the custody or possession of Williams by the court that tried him was essential to the enforcement of the judgment of conviction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the condemned prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law.

32 R

But it is said that, if the right to prosecute the petition for the writ is denied, Williams will be deprived of all recourse to have his insanity vel non inquired into; that if insane he should not be executed while in that condition. Every court has the inherent power to control the execution of its orders or processes, to the end of preventing an abuse of them.—*Hoffman v. Sewell*, 148 Ala. 378, 42 South. 556; *Larkin v. Mason*, 71 Ala. 227. We do not doubt the power of the judge of the circuit court upon proper application to order a stay of the execution of Williams for the purpose of instituting an inquiry as to his sanity, and, if found to be insane, then to stay his execution until a recovery.—4 Blackstone, Com. 24, 24; *Nobles v. Georgia*, 168 U. S. 398, 406, 18 Sup. Ct. 87, 42 L. Ed. 515. But it may be said that this court, upon the appeal from the judgment of conviction, in affirming that judgment, fixed the day for Williams' execution, and therefore the circuit court was without authority to stay his execution on that day. If this be conceded, this court has the power to stay the execution until the judge of the circuit court can make the inquiry into his sanity.

Let the writ of prohibition be awarded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.