# Adams v. The State.

## Keeping Gaming Table.

(Decided June 5, 1913.   Rehearing denied November 20, 1913.
64 South. 371.)

1. *Gaming; Tables; Evidence.*—Where the evidence showed that defendant and others used a small table in a certain room for gaming, and that defendant received a take out, it was permissible to exhibit to the jury a large table with figures on it of a kind commonly used in playing games of chance, found in the same room when the officers entered it.

2. *Charge of Court; Weighing Evidence.*—A jury are not bound to convict in a criminal case on the mere preponderance of the evidence, and in the absence of showing in the record as to the connection in which the court charged the jury that they were not bound by the preponderance of the evidence, it cannot be said that the statement was improper, as it will be presumed that it was a part of the instruction as to evidence required to convict.

3. *Same; Consideration of Evidence.*—It is the duty of the jury to consider all evidence they believe to be true, notwithstanding they may believe that a witness exhibited malice or illwill, and hence, a charge is properly refused as permitting a jury to disregard such evidence which asserts that if, after considering all the evidence, the jury believe that a certain witness had exhibited malice or illwill towards defendant they might disregard this evidence.

4. *Same.*—It is not the province of the court to instruct the jury as to the weight to be given the evidence of a particular witness should they find that he held malice towards the accused.

5. *Appeal and Error; Remandment; New Sentence.*—Where, on his original appeal, a defendant did not raise the question of the illegality of the sentence imposed, and after the affirmance of the judgment of conviction submitted himself to the execution of the illegal sentence, the fact that he had partially executed such sentence would not prevent the Appellate Court at the same term at

[Adams v. The State.]

which the judgment of affirmance was rendered, from setting aside such judgment and reversing the judgment as to that part imposing the illegal sentence.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

James Adams was convicted of keeping a gaming table, and appeals. Affirmed.

Charge 2 referred to in the opinion is as follows: "The court charges the jury that if, after a consideration of all the evidence in this case, you believe that the witness Will Jackson exhibited malice or ill will against defendant, then you may disregard his evidence."

L. A. SANDERSON, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The indictment charged that the defendant kept, exhibited, or was interested or concerned in keeping or exhibiting a gaming table for gaming.—Code, § 6985. There was evidence tending to prove that the defendant with several others engaged in a game of hazard for money, a small table in a room on the second story of a building being used for the purpose; that the defendant received a "take-out" in this game; that he had been seen in the same room on another occasion; that, when during the game testified about there was a knocking on the locked door at the foot of the stairs leading to the room mentioned, the defendant was the person who went down and opened the door; whereupon a deputy sheriff entered and arrested the participants in the game.

[Adams v. The State.]

Over the defendant's objection, the prosecution was permitted to exhibit to the jury a large table with figures on it, of a kind that is used in playing a game of chance, which the evidence tended to show was found in the same room when the game above mentioned was interrupted. We are of opinion that this evidence was competent. The presence of such a gambling device in the same room was a circumstance having some tendency to shed light on the import of the conduct of the defendant, which was deposed to. That conduct, considered without reference to its surroundings, might have been regarded as equivocal and as not clearly indicating that the defendant was interested or concerned in keeping or exhibiting a table for gaming; whereas, if it was permitted to be looked at in the light of the fact that the scene of it was a room in which was kept a table plainly adapted to use for gambling purposes, all reasonable doubt as to its indicating the commission by the defendant of the offense with which he was charged might be removed. When the contention is that the defendant's receipt of a toll or pay for gaming conducted on a table in a room over which he appeared to exercise some control or supervision signified that he kept or exhibited, or was interested, or concerned in keeping or exhibiting, the table for gaming, it is not to be denied that the presence in the same room of another table plainly adapted to gambling purposes may be regarded as a circumstance having some tendency to support the contention and to negative a conclusion that the conduct of the defendant indicated merely his participation in an isolated game of chance rather than that he was interested or concerned in keeping or exhibiting the table for gaming.

The record does not show in what connection the court used in its oral charge, the expression which was

excepted to: "You are not bound by a preponderance of the evidence." The contrary not appearing, it may be presumed that the statement was made in the course of the court's instruction to the jury as to the evidence required to warrant a conviction. Used in such a connection, the statement may have been an entirely proper one, as a jury is not bound to convict in a criminal case on a mere preponderance of the evidence.—*Shields v. State,* 104 Ala. 35, 42, 16 South. 85, 53 Am. St. Rep. 17. It is not made to appear that the expression was one of which the defendant properly could complain.

Written charge 2 requested by the defendant was properly refused. Under it the jury might have disregarded the testimony of a witness, if they found that he exhibited ill will or malice against the defendant, though they were convinced that the witness spoke the truth. Besides, it is not the province of the court to instruct the jury as to the weight to be given to the testimony of a particular witness because of its malice or ill will.—*Norwood v. State,* 118 Ala: 134, 24 South. 53.

Affirmed.

### ON APPLICATION FOR REHEARING.

We are of opinion that, for reasons stated in opinions delivered in the case of *Minto v. State, Infra,* 64 South. 369, the court properly set aside the judgment of affirmance in this case, reversed the judgment appealed from as to the part of it relating to the sentence imposed, and remanded the case, to the end that the appellant be sentenced as required by law. In the argument of the counsel for the appellant in support of his application for a rehearing as to that action of the court, it is suggested, as a ground of objection to the propriety of it, that at the time it was taken the appellant had already begun

to serve the unauthorized sentence to the penitentiary. Prior to the action referred to being taken by the court in response to a suggestion made by the Attorney General that, under the verdict rendered, the appellant should have been sentenced to imprisonment in the county jail or to hard labor for the county instead of to imprisonment in the penitentiary, the appellant had in no way called to the attention of this court, or to the trial court, so far as the record indicates, the illegality of the sentence imposed upon him. In the oral and written arguments made in his behalf by his counsel in this court, the judgment appealed from was complained of solely because of rulings of the trial court made prior to the rendition of the verdict and the imposition of the sentence. And, after the affirmance of that judgment, the appellant submitted to the sentence which had been imposed upon him being put into execution, without ever having raised a question as to the legality of such a sentence following the verdict which had been rendered. So it appears that the appellant, while he had full opportunity in this court to complain of the illegality of the sentence, attacked the judgment appealed from only upon other grounds which involved no question of the power of the court to impose such a sentence on the verdict rendered, and, after that judgment was affirmed, submitted himself to the execution of the sentence which it imposed, still without suggesting its illegality. In view of these facts, we are not of opinion that the partial execution of that illegal sentence constitutes an obstacle in the way of the exercise by this court, promptly upon the illegality of the sentence being called to its attention, of the power over the judgment appealed from which it retained during the term at which the judgment of affirmance was rendered. If the partly-executed sentence had been merely erroneous

[Adams v. The State.]

or voidable, and not void, an insuperable obstacle in the way of the substitution of another sentence in its place would have been the lack of power to punish an offender twice for the same offense. But, while the appellant could not lawfully be detained under the void sentence, yet, so long as his case is under the control of a court vested with the power to have a legal sentence substituted for the illegal one, his submission without complaint to the partial execution of the illegal sentence is not to be permitted to deprive that court of the power to have the judgment imposing it corrected so as to make it conform to the law. In that court, while it still retained such power over the case, until the illegality of the sentence is in some way called to its attention, the appellant's submission without complaint to its partial execution is not to be regarded otherwise than as voluntary. He cannot, while the judgment appealed from still is under the control of this court, escape the penalty to which the law subjects him for the offense of which he was properly convicted as a result of conduct amounting to his tacit acquiescence in a restraint which he could have avoided by calling the court's attention to the invalidity of the sentence which undertook to impose it.

Application for rehearing overruled.