[Minto v. The State.]

# Minto *v.* The State.

## *Keeping Gaming Table.*

(Decided November 20, 1913.   64 South. 369.)

1. *Judgment; Amendment and Correction; Authority.*—Where a judgment of the appellate court affirming a judgment of conviction was void in so far as the sentence was concerned, the court could at the same term, correct such judgment, and impose a lawful sentence, notwithstanding part of the void sentence had been executed; the first sentence being void, did not constitute a double punishment for the same offense.

2. *Criminal Law; Sentence.*—Under section 7620, Code 1907, a sentence for six months in the penitentiary in a prosecution for keeping a gaming table was unauthorized.

3. *Habeas Corpus; Remedy.*—So long as the party complaining has a remedy by appeal, habeas corpus cannot be used to obtain his discharge from an illegal sentence.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Mike Minto was convicted of keeping a gaming table, and he appeals, and the judgment of the lower court was affirmed.   (See 8 Ala. App. 303; 62 South. 376.)   The attention of this court having been called to the condition of the judgment imposing hard labor, the court modifies its former judgment and reverses and remanded the cause for the imposition of a proper sentence.

HILL, HILL, WHITING & STERN, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—In the opinion heretofore rendered in this case, the court considered the questioned rulings of the trial court in the proceedings which led to the

conviction of the appellant. It is only since the rendition of that opinion that the fact has been called to the attention of the court, or has been noticed by it, that by the judgment appealed from, rendered on a verdict of guilty which assessed against the defendant only a fine, he was sentenced to imprisonment in the penitentiary for a term of six months. This sentence was not authorized by law, as the statute (Code, § 7620) provides that "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county." It is plain that, so far as the sentence of the defendant to imprisonment is concerned, the judgment of the trial court should have been reversed.—*Robinson v. State*, 6 Ala. App. 13, 60 South. 558. As the judgment of this court in the case was rendered during its present term, that judgment is subject to be recalled or to be changed in any respect in which a change of it may be required to make it conform to the law, unless, by reason of the existence of some special state of facts, the court has lost the power to render such judgment in disposing of the appeal as should have been rendered. It is urged by the counsel for the appellant that this court cannot now take such action as will result in the imposition upon the appellant of a legal sentence to imprisonment or to hard labor, as it may be that, in consequence of the judgment of affirmance heretofore rendered, he has served part of the unauthorized sentence to imprisonment in the penitentiary. There is nothing in the record to indicate that any part of such sentence has been executed. But, whether or not the defendant has commenced the imprisonment provided for, the fact does not deprive this court of the power to make such disposition of the case brought into it by the appeal as will result in the cor-

rection of the error committed by the trial court in imposing a sentence not authorized by law. The defendant could not have served any part of a former sentence of imprisonment, as there has been no such sentence which the law can recognize.

We are cited to rulings to the effect that, when a defendant in a criminal case has paid his fine or his imprisonment has begun, the court has no power to recall him to revoke his former sentence and impose one which inflicts a greater punishment.—12 Cyc. 783, 784, and authorities there cited. In the cases cited, the sentence first imposed was one which the court had the power to impose. In such a case it has been deemed that to permit the imposition of another sentence after the one first imposed had been wholly or partially executed would be in contravention of the rule against any one's being twice lawfully punished for the same offense.— *Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872; *State v. Meyer,* 86 Kan. 793, 122 Pac. 101, 40 L. R. A. (N. S.) 90, 94, Ann. Cas. 1913C, 278. The reason which supports this prohibition of a second sentence cannot apply when the first sentence was a void one, or, in the eye of the law, no sentence at all. The sentence first imposed cannot be treated as valid, for the purpose of preventing the imposition of another one, and at the same time as void for the purpose of enabling the defendant to obtain a discharge from any restraint under it. We do not find that anything has occurred which is entitled to be given the effect of disabling this court to render such judgment as the facts disclosed by the record call for.

As it has been found, as was stated in the opinion heretofore rendered, that no error was committed which would warrant a reversal of the judgment of conviction, and as the error above pointed out affects the judgment appealed from only so far as concerns its imposi-

[Minto v. The State.]

tion of punishment, the former judgment of affirmance will be set aside, and a judgment will be rendered affirming the judgment appealed from, except as to the part of it which dealt with the sentence to be imposed upon the defendant, reversing such judgment as to that part of it, and remanding the cause, to the end that the defendant be sentenced as required by law.

Affirmed in part, reversed in part, and remanded.

### ON APPLICATION FOR REHEARING.

In the brief filed in support of the appellant's application for a rehearing as to the reversal of the part of the judgment of the trial court which imposed a sentence of imprisonment in the penitentiary and the remandment of the cause for the imposition of a sentence authorized by law, it is urgently contended that the ruling made in the case of *Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872, and the opinion rendered in support of that ruling, demonstrate the incorrectness of conclusions stated by us in disposing of the feature of the case just mentioned. We think that the opinion rendered in the recent case of *Ex parte Spencer,* 228 U. S. 652, 33 Sup. Ct. 709, 57 L. Ed. 1010, furnishes a sufficient answer to this contention. What was said in that opinion shows that the facts in the case of *Ex parte Lange* were materially different from those in the case at bar, and that such a ruling as was made in that case would not be a proper one in a case situated as the one at bar was when the judgment of reversal was rendered. The case of *Ex parte Lange* was there recognized as one of a subsequent sentence being unauthorized because there was a legal part of the former sentence which had already been satisfied, the court saying of that case: "In that case a circuit court of the United States imposed a sen-

tence of a fine of $200 and one year's imprisonment, the statute authorizing only a fine *or* imprisonment. The fine was paid, and on the next day the prisoner was brought before the court by habeas corpus and an order was entered vacating the former judgment and the prisoner again sentenced to one year's imprisonment. It was held that the court had not the power to vacate the judgment and resentence the prisoner; that such action was double punishment for his offense, the legal part of the former sentence having been satisfied. It was further held that the judgment was void, not merely erroneous, and that the prisoner was entitled to be discharged, upon petition in habeas corpus." And it was held in *Ex parte Spencer* that the result which was proper under the facts presented in the case of *Ex parte Lange* could and should be avoided, where the unauthorized sentence complained of is the subject of review by an appellate court, which is vested with the power to change or modify it or to reverse the judgment, with directions for the imposition of a lawful sentence. In this connection it was said: "When the orderly procedure of appeal is employed, the case is kept within the control and disposition of the courts, and, if the judgment be excessive or illegal, it may be modified or changed and complete justice done, as we have said, to the prisoner and the penalties of the law satisfied as well." In the case at bar, the term at which the former judgment of affirmance had been rendered not having expired, the power conferred by the appeal upon this court to review the judgment appealed from and to reverse that judgment in whole or as to any part of it which might be found not to be in conformity with the law remained unimpaired up to the time of the reversal of a part of that judgment and the remandment of the cause. While the case remained in this situation, this

[Goldstein v. Self.]

court could not be deprived of its power to change or modify its former judgment by the conduct of the appellant in refraining from making in this court any complaint of the judgment appealed from, because of the illegality of part of the sentence which it imposed, and then, when the sentence, the illegality of which he had not called to the attention of this court, was put into execution, availing himself of that ground of objection on a petition in habeas corpus to another court. The writ of habeas corpus is not to be permitted to be used to obtain a discharge from an illegal restraint, so long as the party complaining may be protected against it by an appellate court which still retains the power to require a legal sentence to be substituted for the illegal one which is complained of.

Application for rehearing overruled.