486       SUPREME COURT.      [Vol.

[Ex parte Gunter, in re. State, ex rel. Attorney General v. Gunter.]

# *Ex parte* Gunter, *in re.* State, *ex rel.* Attorney General *v.* Gunter.

### *Certiorari to Court of Appeals.*

(Decided May 13, 1915. Rehearing denied June 30, 1915.
69 South. 442.)

1. *Criminal Law; Sentence; Place.*—A sentence for hard labor for less than a year must be to the county, and hence, a sentence to the penitentiary for six months at hard labor is void.

2. *Same; Discharge on Habeas Corpus; Effect.*—A discharge on habeas corpus from an unauthorized sentence to the penitentiary under a condition authorizing a sentence only to hard labor for the county, was a discharge merely from custody under a void sentence, and not from the penalty attached by law to the offense of which the defendant had been legally convicted.

3. *Same; Resentence.*—Where the judge had imposed an unauthorized sentence, part of which had been served by the convict, and such convict had been discharged from that imprisonment on a writ of habeas corpus, and the continuity of the prosecution had been preserved by appeal, the court on remandment had full power to pronounce the proper sentence.

4. *Courts; Decision; Effect.*—The authority of adjudged cases is confined to the point presented for decision and decided, and the true principles of the decision.

(McClellan and Gardner, JJ., dissent in part.)

CERTIORARI to Court of Appeals.

Application by the state on the relation of the Attorney General for mandamus directed to the judge of the Montgomery City Court to require him to resentence certain prisoners. The Court of Appeals granted the writ of mandamus and respondent filed petition for certiorari to review the judgment of the Court of Appeals. Writ denied.

HILL, HILL, WHITING & STERN, and R. T. RIVES for petitioner.

W. L. MARTIN, Attorney General, and THOMAS H SEAY, Assistant Attorney General, for the state.

PER CURIAM.—Petitioner seeks to review the judg-
ment of the Court of Appeals by which that court order-
ed a writ of mandamus to the judge of the city court of
Montgomery, commanding him to pronounce sentence
according to law upon Minto and Adams who had
been duly convicted in the trial court. The cases against
Minto and Adams were identical in every respect, and
a history of them may be found in *Ex Parte Adams,*
187 Ala. 10, 65 South. 514; *Minto v. State,* 8 Ala. App.
306, 62 South. 376; *Adams v. State,* 9 Ala. App. 89, 64
South. 371; *Minto v. State,* 9 Ala. App. 95, 64 South.
369, and *State ex rel. Attorney General v. Gunter,
Judge, etc.,* (Mem. Dec.) 69 South. 445.

When this matter was first brought to our attention,
we refused to consider the question now presented for
the reason that the case was not then ripe for decision
on the point. Since then Minto and Adams have been
taken before the trial court for sentence, but upon their
uncontroverted showing that they had for a time suf-
fered imprisonment in the penitentiary under the sen-
tence pronounced upon them prior to their appeal, and
that they had been discharged from that custody on
writs of habeas corpus, the respondent in this pro-
ceeding, acting in his capacity as trial judge, refused
to pronounce sentences to hard labor for the county, and
discharged the prisoners.

No question was raised in the Court of Appeals con-
cerning the remedy to which the state has resorted.
None is raised in this court.

(1, 2) In the brief for petitioner much is said of the
discharge of the prisoners on habeas corpus. The sen-
tence to the penitentiary was clearly void, the statute
permitting a sentence to hard labor for the county only.
—*Ex parte Brown,* 102 Ala. 179, 15 South. 602. But

the discharge on that proceeding was a discharge merely from custody under the void sentence, and not from the penalty attached by law to the offense of which the prisoners had been legally convicted.—*In re Clyne,* 52 Kan. 441, 35 Pac. 23; *State v. Schierhoff,* 103 Mo. 47, 15 S. W. 151: *State v. Fley,* 2 Brev. 338, 4 Am. Dec. 583; *Walker v. Martin,* 43 Ill. 508; *Ex parte Boothe,* 3 Wis. 145.

(3, 4) The remaining question is whether respondent in this proceeding was without power to pronounce sentence by reason of the fact that the prisoners had suffered under the void sentence to the penitentiary. If nothing had intervened since the judgment of conviction to deprive respondent, as judge, of the power to pronounce sentence, it was his duty to do so according to the statute made and provided for the punishment of offenders in like cases with the prisoners. That the continuity of the prosecution had been preserved, and that the court had power to pronounce a proper sentence apart from any effect the imprisonment of Minto and Adams in the penitentiary in the meantime may have had, was decided by this court in *Ex parte Adams, supra.*

Respondent in the proceedings for mandamus, petitioner in this court, relies upon *Ex parte Lange,* 18 Wall. 163, L. Ed. 872. In that case the facts were just these: The statute of the United States authorized imprisonment not exceeding one year *or* a fine not exceeding $200. The court through inadvertence, imposed both punishments, when it could lawfully impose but one. Lange paid the fine, and it had passed into the treasury of the United States, and beyond the control of the court, or of any one else but the Congress of the United States. The prisoner being again before the

trial court on a writ of habeas corpus, the former judg
ment and sentence was vacated, and he was sentenced
anew to imprisonment.   On a writ of habeas corpus
to be discharged from custody under the last sentence,
the Supreme Court of the United States ordered the
prisoner's discharge, on the ground that to hold other-
wise would punish him twice for the same offense. It
must be noted that in that case the prisoner had suf-
fered such punishment as might have been lawfully
imposed upon him; his punishment under the first
sentence was not wholly unlawful; it was in excess of
the statute, and to the extent of that excess only was
it unlawful.   If we might confine our attention to the
language and argument of the opinion of the Supreme
Court of the United States, the principle upon which it
proceeds would be stated as follows: When a court has
once imposed a sentence, whether in accordance with
law or not, which has been served or performed in
whole or in part, it has no jurisdiction to impose an-
other, either in addition to or in substitution for the first.
The effect of the mere language of the opinion has been
so stated by the Supreme Judicial Court of Massa-
chusetts in *Sennott's Case,* 146 Mass. 489, 493, 16 N. E.
448, 4 Am. St. Rep. 344.

In *Ex parte Parks,* 93 U. S. 18, 23, 23 L. Ed. 787,
Mr. Justice Bradley thus stated the ground of the judg-
ment in the *Lange Case;* "In *Ex parte Lange* we pro-
ceeded on the ground that, when the court rendered
its second judgment, the case was entirely out of its
hands.   It was functus officio in regard to it.   The judg-
ment first rendered had been executed and satisfied.
The subsequent proceedings were therefore, according
to our view, void."

The authority of adjudged cases is confined to the
points actually decided, and the true principle of the

decision. "In every court, if a case varies from the facts and circumstances of preceding authorities, the judge is at liberty to found a new decision on these circumstances."—*Realty Investment Co. v. Mobile,* 181 Ala. 184, 61 South. 248. Looking to the true principle of *Ex parte Lange,* we perceive that it is not authority against the ruling of the Court of Appeals in this case, for here the sentence first pronounced was absolutely void, and yet the continuity of the prosecution had been preserved.

The effect of the decision in *Re Bonner,* 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, to which we are referred as authority for the mandamus in this case, may be stated thus: Where a conviction is correct, but the sentence pronounced is void, there is no good reason why jurisdiction of the prisoner should not be again asserted by the court that imposed the sentence, in order that its defect may be cured. The principle of the case is that punishment inflicted without authority of law cannot be allowed by the courts as a sufficient vindication and satisfaction of the law. That case is authority for the proposition that, upon the remandment of the cases of Minto and Adams to the trial court, sentence should have been pronounced according to the mandate of the statute against which they had offended, and the principle of the decision seems to be necessary to the proper administration of justice. The continuity of the prosecution having been preserved, the case on its last presentation to the trial court was unaffected by the unlawful confinement of the prisoners in the penitentiary pending the final judgment of the Court of Appeals, and was in the same category with numerous cases in which—no error found, except in the sentence pronounced—reversals have been

[Ex parte Gunter, in re. State, ex rel. Attorney General v. Gunter.]

ordered by courts of appellate jurisdiction to the sole end that proper sentence might be pronounced.

Certiorari denied, with opinion. All the Justices concur.

McCLELLAN, J.—I think the Court of Appeals correctly awarded the writ of mandamus requiring the re-sentence of Minto and Adams, and hence that the petition of the respondent for writ of certiorari to the Court of Appeals should be denied. I do not however, agree with the foregoing opinion in respect of the treatment it accords the matter and the effect vel non of the effort to discharge prisoners in response to their petition for habeas corpus. Otherwise, I concur in the foregoing opinion.

It appears clear to me, and so it appeared to the Court of Appeals (see *State ex rel. v. Gunter, Judge, supra,* 66 South. 844, 846), that a basic inquiry was, and still is, whether the judge of the city court had jurisdiction to entertain at all, in any degree, for any discharge on habeas corpus. When these petitions for habeas corpus were presented and were heard, the Court of Appeals had *affirmed* the judgments of the city court, thus merging the judgments of the city court into the superior adjudication of the Court of Appeals.—*Ex parte Adams, supra,* 65 South. 514, 515. The court of Appeals had not lost control of or power over its judgments of affirmance when that court's attention was called *for the first time* to the fact that the judgments of the city court imposed void sentences upon the appellants, Adams and Minto. The judgments of the Court of Appeals, affirming the judgments of the city court, were within the rightful control and obvious jurisdiction of the Court of Appeals, and that court was

fully authorized and empowered to reconsider its judgments of affirmance, and to enter judgments appropriate to the circumstances.—*Minto v. State* 9. Ala. App. 95, 98, 100, 64 South. 369; *Adams v. State,* 9 Ala. App. 89, 92, 94, 64 South. 371; *Ex parte Adams, supra,* 65 South. 514.

In these circumstances, with complete, existent, perfectly available jurisdiction in the Court of Appeals in the premises, is it possible that any judicial officer (described in the habeas corpus statutes) could have and exercise jurisdiction to entertain petitions of these appellants (in the court of Appeals) for discharge on habeas corpus? My judgment is that the Court of Appeals, in these expressions in the opinion of Pelham, P. J., correctly conclude in denial of any such jurisdiction in a judicial officer: "The writ of habeas corpus is not to be permitted to be used to obtain a discharge from an illegal restraint, so long as the party complaining may be protected against it by an appellate court which still retains the power to require a legal sentence to be substituted for the illegal one which is complained of."—*State ex rel. v. Gunter, supra,* 66 South. 845, 846.

The matter is of superlative importance, for it involves the orderly administration of justice through the protection and preservation from hindrance, interference, or embarrassment of jurisdiction already invoked and presently existent. So the presiding judge said upon the apt authority of *Ex parte State ex rel.,* 150 Ala. 489, 43 South. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79: "Clearly under such circumstances, the respondent could not legally entertain the petition for habeas corpus, and thereby deprive this court or the city court of the right to enforce its judgments."

[Ex parte Gunter, in re. State, ex rel. Attorney General v. Gunter.]

To sanction any other rule would, to quote the authority last mentioned, "produce a conflict of jurisdiction over the right of the custody of the person of the condemned prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law." Certainly, in such circumstances, jurisdiction to remove or to relieve the cause of complaint could not exist and be available *at the same time* in both the Court of Appeals and in the judicial officer to whom the petitions for habeas corpus were addressed. It has been long settled: "That a court having possession of a person or property cannot be deprived of the right to deal with such person or property *until its jurisdiction is exhausted* (italics supplied), and that no other court has the right to interfere with such custody or possession."—*Ex parte State, etc.,* 150 Ala. 489, 497, 43 South. 490, 491 (10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79).

If the consideration stated and the rule reiterated are not affirmatively applicable and are not affirmatively applied to the matter of the discharge of Minto and Adams on habeas corpus, then the important, controlling implication is accepted that the judicial officer *had* jurisdiction to entertain the petitions for habeas corpus; and if in completely releasing the petitioners the judicial officer, to whom the petition was addressed, erred, that was a matter which could alone be corrected by appeal—a process that was undertaken by the State of Alabama, but failed because not prosecuted as the law directs.—*State, etc. v. Gunter, Judge, supra,* 66 South. 845. So the judgment on habeas corpus was not reversed, modified, or set aside; and if it was the product of a legal jurisdiction to entertain the petitions, I am unable to see how the full effect of that

judgment can be qualified, averted, or ignored. It is a judgment of complete discharge, or it is a mere nullity, because of the absolute absence of jurisdiction to entertain the petitions for the writs of habeas corpus while the subject of complaint was of the essence of the causes then in the breast and under the adequate control of the Court of Appeals.

But it is suggested that the order or judgment of discharge of the petitioners for the writ of habeas corpus was not effective to completely release the petitioners; the effect not being to avoid the adjudication of guilt, but only to remove the particular custody to which petitioners had been unlawfully committed. The response to this suggestion must necessarily be, aside from the thereby asserted inevitable denial of the then existing appellate jurisdiction of the Court of Appeals to release the prisoners from that unlawful custody, that the judgments of the city court had then become merged in the judgments of affirmance entered in the Court of Appeals, as was well ruled in *Ex parte Adams, supra,* 65 South. 514, 515, and the judgments of the city court had lost their individuality, and hence that the sole dominating judicial mandates were those based upon and expressive of the appellate authority. Being so, it seems clear that, if the judicial officer could at all, in any degree, for any purpose, entertain the petitions for habeas corpus, he had no other alternative than to completely discharge petitioners, unless it could be said that the petitions for the writs of habeas corpus could serve some purpose of reviewing or revising the judgment of the Court of Appeals. That such is not a possible function of proceedings for habeas corpus is universally held.— *Ex parte Spencer,* 228 U. S. 652, 33 Sup. Ct. 709, 57

L. Ed. 1010; *Fourment v. State,* 155 Ala. 109, 46 South, 266. Certainly the city court could not proceed to re-sentence *without* the correcting order of a superior tri-bunal; for the city court's function had become ex-hausted in those cases, appealed to the Court of Appeals, and there affirmed. So the Court of Appeals was the only tribunal (aside from the Supreme Court, exercis-ing its supervisory power under section 140 of the Constitution) that could authorize the city court to act further (to resentence) in the cases of Adams and Minto, and that could only be done by a modification of the judgments of the Court of Appeals. Hence it would have been in vain for the judicial officer to or-der, in response to petitions for habeas corpus, Adams and Minto into the custody of the sheriff of Montgom-ery county. He could not legally hold them to await action of the city court resentencing the petitioners; nor until the Court of Appeals, or other superior au-thority, modified or changed its judgments in the causes, the city court, *as such,* was without power in the premises. The simple, sound, and expeditious rule is that set forth and acted on by the Court of Appeals, that we quoted above. It will not deflect, but will con-serve, the orderly administration of the law.

GARDNER, J., concurs in the above opinion of McCLEL-LAN, J.