232 So.2d 700

William T. HUTCHENS

v.

STATE.

8 Div. 40.

Court of Criminal Appeals of Alabama.

Jan. 13, 1970.

·Joseph T. Conwell, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from remandment after habeas corpus to examine Hutchens's detention in default of a peace bond of $5,000.00. The occasion of the warrant is said to be Hutchens's kidnaping of his sister for ransom.

Code 1940, T. 15, § 2 provides:

"Any person confined in jail for failing to enter into an undertaking to keep the peace as required by a magistrate other than a judge of the supreme court, may prosecute a writ of habeas corpus as provided in this chapter; but such writ can be heard only by a judge of the circuit court, who may discharge the applicant or remand him to jail, or reduce the amount of the undertaking, as may seem right; and if the amount of the undertaking is reduced, the sheriff must discharge the applicant upon the entering into the undertaking in the sum fixed by such judge."

I

The proceeding below was the second in the circuit court. Initially the trial judge had discharged Hutchens because in the county court Hutchens had not been attended by counsel.

The instant case came after Hutchens was arrested a second time and brought before the county court. There he was again put under bond. The amount is $5,000.00 which Hutchens alleges that he cannot post.

In spite of § 30[1] of T. 15, the original habeas corpus is not a bar of this proceeding, nor is it decisive within the doctrine of res judicata. State ex rel. Attorney General v. Gunter, 11 Ala.App. 399, 66 So. 844, affirmed 193 Ala. 486, 69 So. 442.

■ Apparently habeas corpus is, under modern decisions, an alternate mode to review the merits of a peace bond judgment, particularly so as to circumvent posting bond before proceeding further. Murray v. State, 32 Ala.App. 305, 25 So.2d 704; Ex parte Goodson, 242 Ala. 697, 4 So.2d 920. Cf. Ex parte Phillips, 39 Ala.App. 107, 95 So.2d 406.

## II

■ We consider that this appeal is moot for two reasons: *first,* Hutchens's incarceration for failure to post bond to keep the peace started October 22, 1968 and the statutory period of one year has now run; and, *second,* his sentence under Hutchens v. State, ante p. 521, 232 So.2d 700 (8 Div. 29, affirmed this day) is due to be put in execution.

Accordingly, this appeal is

Dismissed.

1. "When a person has once been discharged on habeas corpus, he cannot be again imprisoned, restrained, or kept in custody for the same cause, unless he is indicted therefor, or, after a discharge for defect of proof, is again arrested on sufficient proof, and committed by legal process.